IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JULIA HORTON,** individually, and as Special Administrator of Estate of Ray Horton, deceased, | ) ) ) ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) Case No. 3:22-cv-518-DWD |
| **AIR & LIQUID SYSTEMS CORP.,** *et al.*, | ) ) ) ) |
| **Defendants.** | ) ) |

# MEMORANDUM & ORDER

**DUGAN, District Judge:**

This case comes before the Court on the Joint Motion to Dismiss filed by Plaintiff Julia Horton and Defendant York International Corporation ("York"). (Doc. 46). For the reasons detailed below, this Motion will be denied without prejudice.

In this matter, Plaintiff seeks damages related to the death of her spouse, Ray Horton, and his exposure to asbestos-containing products allegedly "manufactured, sold, distributed or installed" by Defendants. (Doc. 1-1).[1] On March 14, 2022, York removed

---

[1] In addition to York, these Defendants include Air & Liquid Systems Corporation, Alfa Laval Inc., AR Wilfley and Sons, Inc., Armstrong International, Inc., Armstrong Pumps, Inc., Atwood & Morrill, Aurora Pump Company, Blackmer Pump Company, BW/IP Inc., Carrier Corporation, Clark-Reliance Corporation, Cleaver-Brooks, Copes-Vulcan, Inc., Crane Co., Flowserve US, Inc., FMC Corporation, Foster Wheeler, LLC, Gardner Denver, Inc., General Electric Company, Goodyear Tire & Rubber Co., The Gorman Rupp Company, Goulds Pumps LLC, Greene Tweed & Co., Inc., Grinnell LLC, Honeywell International Inc., Howden North America, Inc., Imo Industries Inc., Industrial Holdings Corporation, Invensys Systems, Inc., ITT Corporation, James Walker Mfg. Co., John Crane, Inc., Johnson Controls, Inc., Lamons, McMaster-Carr Supply Company, Milwaukee Valve Company, Inc., Morse Tec, LLC, The Nash Engineering Company, Spence Engineering Company, Inc., Spirax Sarco, Inc., SPX Corporation, Union Carbide Corporation, Velan Valve Corp., ViacomCBS, Inc., Viking Pump, Inc., Warren Pumps, LLC, Watts Water Technologies, Inc., The William Powell Company, Yuba Heat Transfer LLC, and Zurn Industries, LLC.

the case to this Court asserting jurisdiction under the federal officer removal statute, 28 U.S.C. § 1442. (Doc. 1). York claims that if Mr. Horton was exposed to any of its asbestos-containing products, the exposure occurred while Mr. Horton was serving in the U.S. Navy, and therefore those products were manufactured by York at the direction of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1). (Doc. 1).

By their Joint Motion, Plaintiff and Defendant York ask this Court to dismiss just Defendant York from this matter pursuant to Federal Rule of Civil Procedure 41(a)(2). However, a plain reading of Rule 41(a) suggests that dismissal under this rule should be used only to dismiss "an action" rather than a particular claim against a particular defendant. *See* Fed. R. Civ. P. 41(a). Accordingly, the Seventh Circuit has consistently instructed that "Rule 41(a) should be limited to dismissal of an entire action," "'which is to say, the whole case.'" Taylor v. Brown, 787 F.3d 851, 857 (7th Cir. 2015) (quoting Berthold Types Ltd. v. Adobe Sys. Inc., 242 F.3d 772, 777 (7th Cir. 2001)). When seeking to cleave away particular claims or parties from a larger case, plaintiffs should proceed under Rule 15(a) and file an amended complaint or seek leave to do so as may be required. *See Taylor*, at 858 (citing Fed. R. Civ. P. 15(a)).

The Court acknowledges that other courts, including judges in this District, have found it appropriate to allow the dismissal of fewer than all the parties or claims under Rule 41(a) in appropriate circumstances. Possibly in recognition of the impracticality or burden of requiring the repeated filing of amended complaints each time a claim against a defendant is settled, some Courts have in the past determined that the interests of judicial economy may weigh in favor of using Rule 41(a) rather than Rule 15(a) to dismiss

fewer than all the parties or claims.  *See, e.g., Hall et. al. v. Air & Liquid Systems Corp., et al.*, Case No. 15-CV-01344 (S.D. Ill. Sept. 23, 2016) (Rosenstengel, J.) (citing *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983) ("In the context of a partial settlement, Rule 41(a)(2) is usually the mechanism by which the settling defendants are eliminated from the case.")).  Nevertheless, the Seventh Circuit has recently discouraged this practice, and instead urges compliance with the plain language of Rule 41. *See Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare Servs., Inc.*, 7 F.4th 555, 559 n.4 (7th Cir. 2021) ("[W]e again remind parties and district courts that Rule 15(a) is the better course for voluntarily dismissing individual parties or claims in the future.").

In light of those instructions, the Court finds it appropriate to abide by the plain language of Rule 41 here.  The Joint Motion to Dismiss (Doc. 56) is therefore **DENIED without prejudice**.  Plaintiff should instead seek to dismiss particular parties or claims under Rule 15(a).

**SO ORDERED.**

Dated: April 20, 2022

_____
DAVID W. DUGAN
United States District Judge

3